IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BARBARA SHELTON )
)
v. ) NO. 3-12-0688
) JUDGE CAMPBELL
KEVIN WALDRON, et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 25). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff's Complaint alleges that Plaintiff is a disabled individual who rented an apartment in Rutherford County, Tennessee, from Defendants, in May 2010. Plaintiff claims that she made it known to the management of the apartment complex that she was disabled and requested a parking space accommodation and ramps to help with her mobility. Plaintiff asserts that, despite her persistent requests, Defendants failed to respond.

Plaintiff contends that on July 19, 2011, Defendants sent her a letter stating that it would not install any type of ramps for her. Plaintiff alleges that she then filed a complaint with the Tennessee Human Rights Commission, which began an investigation. Plaintiff avers that in March of 2012, while the investigation was still pending, Defendants notified Plaintiff that they were not going to renew her lease and her tenancy would expire effective April 29, 2012. Plaintiff alleges that Defendants discriminated and retaliated against her, in violation of the Fair Housing Act ("FHA") and Tennessee's human rights law, because of her disability.

Defendants argue that they had no obligation to provide modifications to the building and facilities for Plaintiff and that they notified Plaintiff she could install a ramp at her own expense. Defendants also contend that they did not retaliate against Plaintiff.

## MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

REASONABLE MODIFICATIONS

The Fair Housing Act makes it unlawful for anyone to discriminate in the rental of a dwelling to any renter because of a handicap of that renter. 42 U.S.C. § 3604(f)(1)(A). It is also unlawful to discriminate against any person in the terms, conditions, or privileges of rental of a dwelling or in the provision of services or facilities in connection with such dwelling because of a handicap of that person. 42 U.S.C. § 3604(f)(2)(A). The FHA imposes an affirmative duty reasonably to accommodate the needs of handicapped persons. *Smith & Lee Assocs., Inc. v. City of Taylor, Michigan*, 102 F.3d 781, 795 (6th Cir. 1996).

"Discrimination" under the FHA includes a refusal to permit, *at the expense of the handicapped person*, reasonable modifications of existing premises occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises. 42 U.S.C. § 3604(f)(3)(A) (emphasis added). In the case of a rental, the landlord may, where it is reasonable to do so, condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted. *Id*. Discrimination also includes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B).

Tennessee law prohibits discrimination on the basis of disability, including refusing to permit, *at the expense of the disabled person*, reasonable modifications of existing premises if such modifications may be necessary to afford the person full enjoyment of the premises. Tenn. Code Ann. § 4-21-601(b)(2)(A) (emphasis added).

A modification under the FHA is distinct from an accommodation. *Hollis v. Chestnut Bend Homeowners Ass'n.,* __ F.Supp.2d __, 2013 WL 5372362 at * 12 (M.D. Tenn. Sept. 24, 2013). Regulations promulgated under the FHA define a modification as any change to the public or common use areas of a building or any change to a dwelling unit. *Id*. (citing 24 C.F.R. § 100.201). "Claims for reconstruction or renovation to a dwelling are actionable under the reasonable modification section of the FHA, and not the reasonable accommodation section." *Id*.

Plaintiff's request for a ramp and bathroom rails is a request for a "modification," pursuant to 42 U.S.C. § 3604(f)(3)(A) and Tenn. Code Ann. § 4-21-601(b)(2)(A). *See* Hollis at *12; *Weiss v. 2100 Condominium Ass'n., Inc*., __ F.Supp.2d __, 2013 WL 1767974 at * 7 (S.D. Fla. April 8, 2013); *Rodriguez v. 551 West 157th St. Owners Corp*., 992 F.Supp. 385, 387 (S.D. N.Y. 1998). Accordingly, Defendants cannot refuse to permit Plaintiff to install a ramp or bathroom rails at Plaintiff's own expense if such modifications may be necessary to afford Plaintiff full enjoyment of the premises.

Defendants have not refused to permit Plaintiff to build a ramp or install rails at her own expense. *See* Docket No.25-3, letter to Plaintiff from Defendants ("You can have one [ramp] put in at your own expense as long as it's removable when you leave and is not permanent.").

Plaintiff insists that her request was for an accommodation, not a modification, but the Court finds, based upon the three cases cited above (one of which is from this Court) and the authority cited in each, that Plaintiff's request was a request for a modification. Accordingly, Defendants were not required to pay for and build a ramp or install rails for Plaintiff. They were required to permit Plaintiff to make such modifications, at her own expense, if those modifications were necessary to afford Plaintiff full enjoyment of the premises. Defendants met this requirement.

4

Accordingly, Plaintiff's claims for violation of the Fair Housing Act and Tennessee law based upon Defendants' failure to provide reasonable modifications should be dismissed.

## RETALIATION

Plaintiff also claims that Defendants retaliated against her by refusing to renew her lease after she filed a discrimination complaint against them. It is unlawful to retaliate against a person for having exercised or enjoyed a right granted or protected by the FHA. 42 U.S.C. § 3617. Similarly, it is a discriminatory practice in Tennessee for a person to retaliate or discriminate in any matter against someone because that person filed a complaint under the Tennessee Human Rights Law. Tenn. Code Ann. § 4-21-301(1).

To show retaliation in violation of the Fair Housing Law and Tennessee law, Plaintiff must show a causal connection between her protected activity and the failure to renew her lease. *Arendale v. City of Memphis*, 519 F.3d 587, 606 (6th Cir. 2008).

Defendants sent Plaintiff a letter on March 28, 2012, indicating that they were not going to renew her lease and that her tenancy would expire at the end of her lease term on April 29, 2012. Docket No. 26, ¶ 20. Defendants contend that Plaintiff cannot show any discriminatory or retaliatory motive for this decision.

Plaintiff maintains that there was no reason for Defendants not to renew her lease except for the fact that she had filed a discrimination complaint. Plaintiff's conclusory statement does not address the fact that, as a private business, Defendants could fail to renew Plaintiff's lease for no reason or any reason at all, so long as that reason was not discriminatory or retaliatory. Plaintiff has pointed to no authority, in the lease or in the law, to show that Defendants were bound to renew the lease or obligated to state a reasonable or specific basis for refusing to renew it. Plaintiff must

5

demonstrate that Defendants acted with a discriminatory or retaliatory motive, and she has not carried that burden. Accordingly, Plaintiff's claims for retaliation should be dismissed.

## MALICIOUS HARASSMENT

Tennessee law provides for a civil cause of action for malicious harassment. Tenn. Code Ann. § 4-21-701. Plaintiff's Complaint alleges that Defendants' actions and inactions constitute malicious harassment.

To establish a claim for malicious harassment under this statute, Plaintiff must demonstrate that Defendants intentionally intimidated her from the free exercise of a constitutionally protected right and that the offending conduct was motivated by Plaintiff's race, color, religion, ancestry or national origin. *Bowman v. City of Memphis*, 329 S.W.3d 766, 768 (Tenn. Ct. App. 2010).

Plaintiff does not allege that Defendants' actions or inactions were motivated by race, color, religion, ancestry or national origin. Harassment based on disability is not covered by this civil statute. *Oates v. Chattanooga Publishing Co.*, 205 S.W.3d 418, 428 (Tenn. Ct. App. 2006). A civil malicious harassment claim under Tennessee law must be premised upon the specific categories set forth in the criminal statute; i.e., race, color, ancestry, religion or national origin. *Blair v. Rutherford County Bd. of Educ.*, 2013 WL 3833516 at * 6 (Tenn. Ct. App. July 19, 2013).

Accordingly, Plaintiff's malicious harassment claim should be dismissed.

## CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment (Docket No. 25) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE